| iCOOKS, Judge,
dissenting.
Relying on LSA-R.S. 22:647 the Majority finds a tortfeasor’s life insurance proceeds are exempt from the claims of the victim’s heirs. The unfairness of this decision moves me to speak loudly against such result. I do not believe the legislature, in enacting the cited provision, envisioned the outcome of this case. Plain and simple, it is just wrong to allow a spouse, through his heirs, to pocket all the proceeds derived from an insurance policy covering the life of his second wife who was killed as a consequence of his negligence; and the second wife’s children of the first marriage and only biological heirs will receive nothing! The result of this case does not naturally flow from the succession laws long adopted by this Civilian State; and, it insulates a tortfeasor from statutory responsibility for his wrongful conduct when such proceeds are the only assets of his estate. LSA-La.C.C. Article 2315.